UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

| | | |
|---|---|---|
| MOHAMMAD MAHMOUD KHAN,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON HOTELS INC.<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civ. No.: 13 CIV 1919 (LTS)(DCF) |

---------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE INFORMATION AND TESTIMONY AT TRIAL

## I. INTRODUCTION

Mohammad Mahmoud Khan ("Plaintiff") brings this action for age discrimination against Defendant. A pre-trial conference is scheduled for November 6, 2015. Pursuant to this case's Pre-Trial Order, Plaintiff moves this Court for an order barring Defendant from introducing at trial 1) statistics and information regarding the number of employees over the age of 40 in the Front Services Department, 2) testimony and information concerning an alleged incident of sexual harassment occurring approximately sixteen years before Plaintiff was terminated, 3) testimony and information concerning the loss of $2,000 from the front desk in 1988, 4) testimony and information concerning a claim for age discrimination filed by Plaintiff in 1991 against the Defendant, and 5. precluding Defendant's witness Eric Theiling from testifying as he was disclosed 45 days after the close of discovery.

## II. Standard

Rule 403 of the Federal Rules of Evidence states "the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." F.R.E. 403. Indeed, evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must provide to the other parties the names of all witnesses and substance of their knowledge, and "a copy—or description by category and location—of all documents, electrically stored information, and tangible things that the disclosing party ... may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). "A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Moreover, "the federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he reasonably *ought* to have been aware." Arthur v. Atkinson Freight Lines Corp., 164 F.R.D. 19, 20 (S.D.N.Y.1995).

In order to ensure parties' compliance with the mandatory disclosure requirements of Rule 26, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial . . . ." Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 156 (S.D.N.Y. 2012)(quoting Fed. R. Civ. P. 37(c)(1) ). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence. Ebewo v. Martinez, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004).

## III. ANALYSIS

A. This Court must exclude any evidence or testimony concerning the number of employees in the Front Services Department because this information is irrelevant, not disclosed to the Plaintiff during discovery, likely to confuse the jury, and misleading.

Plaintiff had worked as an Assistant Front Office Manager for the Defendant at the time her was terminated. Plaintiff's department falls within the Front Office Department. Defendant seeks to for the first time in this action introduce testimony from James Pelligrinon ("Pelligrinon") regarding statistics of the various ages of employees who work in the Front Office Department and the Front Services Department. Defendant submitted a "Supplemental Declaration of James Pelligrinon in Support of Defendant's Motion for Summary Judgement," attached hereto as Exhibit A ("Pelligrinon Declaration"). Paragraphs seven through ten in that Declaration provides misleading statistics about the number of employees over the age of forty by lumping together two separate departments at the Hilton Hotel: the Front Office Department and the Front Services Department.

The Defendant attempts to introduce irrelevant information concerning the Front Services Department for the first time after the close of discovery in an attempt to confuse and unfairly taint the jury. First, Plaintiff was an assistant manager and complained of age discrimination as an assistant front office manager. The relevant department is thus the Front Office Department, not the Front Services Department. Second, the two departments vary widely in responsibility and scope. Specifically, the Front Office is the front desk staff of the Hotel, which are comprised primarily of front office managers. The Front Services Department, by great contrast, consists of

no managers, but rather concierges, bellmen, bell captains, doormen, receptionists and business center staff.

Furthermore, each of these departments serve different roles at the hotel, with the individuals in the Front Office Department subject to additional policies that the Front Services Department staff does not. For example, Defendant claims that Plaintiff violated its force selling policy, which was a reason why he was terminated. However, only those in the Front Office Department are allowed to engage in force selling. See Exhibit B. Indeed, members of the Front Services Department are not subject to the Defendant's Force Sale Policy.

Fourth, the Defendants seek to unfairly expand the scope of the sample age of employees by, for the first time post-discovery, lump together two non-related departments and introducing into this case the Front Services Department. The gravamen of Plaintiff's claim is that the Defendant discriminated against him, as an Assistant Front Office Manager, due to his age. That was the issue litigated and all discovery exchanged focused on that issue and on that department. In fact, Plaintiff's job description places him in the Front Office Department. See Exhibit C. A review of discovery firmly establishes this fact. Interrogatories, Document Requests, and Depositions were squarely focused upon the Assistant Front Office Manager position. See Exhibit D.

Fifth, the Defendant at no time provide any notice that it was seeking to expand the scrutinized class from front office managers, to all employees across departments. The Defendant cannot now raise this issue post-discovery. This results in severe prejudice to the Plaintiff. The Plaintiff is entitled to inquire as to the individuals the Defendant now seeks to introduce into the case. Had the Defendant properly disclosed this defense and associated information to the Plaintiff,

as required by Rule 26 and Plaintiff's discovery demands, he could have deposed members of the Front Services Department, propounded interrogatories about them, and served document request to obtain information about them. In sum, the Defendant should not be permitted to mix apples and oranges, particularly after the close of discovery, and with a trial on the horizon. If they are permitted to do so, discovery must be re-opened so that the Plaintiff can explore this information.

Finally, Pelligrinon was Defendant's 30(b)(6) witness, and during his deposition he was repeatedly asked about the number of employees over the age of forty who worked as front office managers. Each time Pelligrinon responded with "I don't know" or "I need to look at the record." See Exhibit E. His answers were suspiciously elusive considering Plaintiff specifically asked for a 30(b)(6) witness who can answer these questions. Defendants also refused to produce documents regarding the hiring and termination of employees over the age of forty. See Exhibit F. Yet, when discovery was concluded and Defendant needed to come up with information to help their motion for summary judgement, they submitted the Pelligrinon's Declaration that was rife with information he testified that he did not know or refused to answer during his deposition. To now permit the Defendants to introduce information that was requested, but not provided during discovery, is to severely prejudice the Plaintiff. Indeed, it is axiomatic that information not produced during discovery, including a defense and a scope of the defense, may not be raised thereafter and nor are those materials admissible. See Fed. R. Civ P. 26, 37.

Moreover, Plaintiffs focused their discovery on employees and policies that were relevant to the Front Office Department and specifically, those who worked at the front desk. Additionally, Defendant refused to provide Plaintiff any discovery information related to the hiring, termination and age of any employee outside of the front desk. See Exhibit G. Defendants only produced discovery related to the front desk. Thus, to allow testimony regarding the statistics from the

Pelligrinon Declaration will mislead the jury as the number of employees over the age of forty who work in Plaintiff's department. That information will also unfairly prejudice the Plaintiff because the Defendant did not give Plaintiffs the opportunity to review the record regarding the statistics.

B. This Court must exclude any evidence concerning alleged misconduct by the Plaintiff nearly ten years before his unlawful termination.

Plaintiff worked for Defendant for 33 years. Approximately sixteen years before Plaintiff was unlawfully terminated, on or about December 1996, there was an allegation that he inappropriately touched a female co-worker. That allegation was unfounded and Defendants did not discipline Plaintiff, but a notation of the allegation was made in Plaintiff's personnel file. Furthermore, the alleged incident occurred approximately sixteen years before Plaintiff's unlawful termination has admittedly nothing to do with Plaintiff's termination. Indeed, the Defendant's proffered reasons for terminating the Plaintiff is because he allegedly violated its police on force selling and he showed a flagrant disregard for the Defendant's interest when he moved an arrival date for a customer one day forward at the behest of a subordinate. As such, the alleged misconduct ten years before his termination is not relevant. Furthermore, an allegation of misconduct ten years before termination, that admittedly did not inform his termination, is surely more prejudicial than probative. Accordingly, it must be precluded.

C. This Court must exclude any evidence concerning the loss of $2,000 from the front office in 1988.

Approximately twenty-four years prior to Plaintiff's termination, Defendant questioned Plaintiff regarding $2,000 worth of traveler checks that were missing from a package. The employee who was responsible for the loss had resigned and management placed the responsibility of the loss on the Plaintiff. While this incident was noted in Plaintiff's employee file, the incident

did not inform Defendant's proffered reason for termination. As a result, this incident is not relevant. Moreover, this incident happened decades ago and introducing this incident to the jury will be both misleading and unduly prejudice the Plaintiff's case.

D. <u>This Court must exclude any evidence concerning a claim for age discrimination filed by Plaintiff in 1991 against the Defendant</u>.

In 1991, Plaintiff, along with other employees, filed an age discrimination suit against Defendant when Defendant terminated them. The complaint was filed with the New York State Division of Human Rights and the suit was dismissed. However, Defendant reinstated Plaintiff's employment thereafter. Thus, the suit that occurred twenty-one years prior to Defendant's termination of Plaintiff in 2012 is not relevant. Furthermore, this suit is distant in time with respect to Plaintiff's current claims. Presenting this information to the jury is confusing and will unduly prejudice the Plaintiff's case.

E. <u>This Court must exclude Defendant witness Eric Theiling from testifying as he was inexcusably disclosed by Defendant forty-five days after the close of discovery</u>.

The Defendant inexcusably disclosed an employee-witness forty-five days after the close of discovery, and accordingly, this witness must be precluded. Fed. R. Civ. P. 26, 37. This witness was unboundedly know to the Defendant as he is an employee who allegedly had interaction with the Plaintiff in regards to Plaintiff's work performance. Discovery closed on January 30, 2014. Despite having the name of this witness and the substance of his knowledge in their possession, the Defendant disclosed this witness on March 10, 2014. Ex. H. The Defendant failed to provide any reason as to why this witness was not disclosed during discovery or why the disclosure was so tardy. It should be noted that the Defendant vehemently resisted requests for discovery because it felt that they had come after the close of discovery. What is good for the goose must be good for the gander. The Defendant must be precluded from presenting the testimony of Eric Theiling.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant Plaintiff's entire motion *in limine*.

Dated: October 7, 2015

Respectfully submitted,

s/Aymen A. Aboushi
Aymen A. Aboushi
s/Diane A. Aboushi
Diane A. Aboushi
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
www.Aboushi.com