UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MOHAMMAD MAHMOUD KHAN,                       :
                                             :
                        Plaintiff,           :          Civ. No.: 13 CIV 1919 (LTS)(DCF)
                                             :
            vs.                              :
                                             :
HILTON HOTELS INC.                           :
                        Defendant            :
---------------------------------------------------------X


**<u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN
LIMINE TO EXCLUDE IRELEVANT AND PREJUDICIAL TESTIMONY</u>**


The Aboushi Law Firm, PLLC
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Aymen A Aboushi, Esq. (AA5151)
Diane A. Aboushi, Esq.  (DA1029)
Attorneys For Plaintiff

## INTRODUCTION

Mohammad Mahmoud Khan ("Plaintiff" or "Mr. Khan"), by and through his attorneys, The Aboushi Law Firm PLLC, respectfully submits this Memorandum of Law in Opposition to Defendant's Motion in *Limine* to exclude irrelevant and prejudicial testimony.  Defendant seeks to have the testimony concerning the reinstatement of Ms. Clara Bido's ("Bido") employment and the questions asked by Plaintiff's supervisor concerning Plaintiff's retirement be excluded.  This Court should deny Defendant's motion because this testimony is relevant and probative of the question of whether Plaintiff was terminated because of his age.

## ARGUMENT

I.   MS. BIDO IS SIMILARY SITUATED TO PLAINTIFF AND HER REINSTATEMENT IS MATERIAL FOR THE JURY TO DETERMINE WHETHER DEFENDANT'S REASONS FOR TERMINATING PLAINTIFF WAS PRETEXTUAL

Bido is absolutely similarly situated to Plaintiff and testimony about her employment is relevant to the issues before the fact finder.  "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards' and (2) engaged in comparable conduct."  Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493–94 (2d Cir. 2010)(quoting Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000)).  Here, Bido is similarly situated to Plaintiff because 1) they were subject to the same workplace guidelines, disciplinary standards and front office procedures, 2) they were supervised by the same individuals, and 3) they worked in the same department (front desk).[1]  Like the Plaintiff, she was a part of the front desk staff and was overseen by Ms. Krystal Eng and Mr. Ken Jarka.  She was subject to the same rules against force selling and also held to the same work place standards

---

[1] Plaintiff respectfully directs the Court to his Rule 56.1 Statement of Facts to get a full picture of the facts for this case.

described in the guidelines for team member conduct.  Both Bido and Mr. Khan were subject to the same scale of discipline: given written warnings, suspension, regular reprimand or termination.  Furthermore, Ms. Bido engaged in the exact same conduct for which the Plaintiff was allegedly fired: force selling.  While she is alleged to have violated the same procedures and code of conduct as Plaintiff, Bido is still employed by the Defendant.  It is beyond dispute that the actions taken by the Defendant in regards to Bido's employment are relevant as Bido and the Plaintiff are similarly situated.

Bido being a member of the union doesn't change the fact that her employment position is similar to that of Plaintiff in all material aspects.  "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical.  In other words, the comparator must be similarly situated to the plaintiff in all material respects."  Graham, 230 F.3d at 40.  Defendant misconstrues the standard for similarly situated by relying on Debidat v. Marriott Int'l, Inc., for the premise that a union member is not similarly situated to a non-union employee.  See Debidat v. Marriott Int'l, Inc., 580 F. Supp. 2d 300, 306 (S.D.N.Y. 2008).  The Court in Debidat considered the totality of circumstances when making the decision that the comparators in that case were not similarly situated.  Specifically, the comparator "was in a different department, had a different supervisor, and worked under different workplace guidelines."  Id.  The Plaintiff here, unlike the plaintiff in Debidat, meets all of the material aspects for making the determination of similarly situated.  Indeed, whether the comparator was a member of the union was ancillary to these material aspects.  Id.  Thus, being a member of the union has no impact on the material aspects that make Bido and Mr. Khan similarly situated.

Moreover, the law in this Circuit establishes that the actions taken by the Defendant in regards to Bido's employment is relevant and admissible in this case.  Indeed, the employer's treatment of younger workers, even if they are not similarly situated is relevant evidence of the employer's attitude about age. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 109 (2d Cir. 2010).  It is noteworthy that the Second Circuit "recognize[es] that the similarity of comparators' situations generally presents a question of fact for the jury."  Woods v. Newburgh Enlarged City School Dist., 288 Fed.Appx. 757, 760 (2d Cir. 2008).

Moreover, Defendant's incorrectly claim that since Bido is unionized, the circumstances surrounding her termination and subsequent reinstatement will confuse the jury and be prejudicial to Defendant.  Defendant made the deliberate decision to terminate and then subsequently reinstate her employment.  Defendant's witnesses acknowledged in their depositions that the reason they reinstated Bido was because "the union was going to strongly oppose this based on the fact that the policy hadn't been uniformly enforced- force sale- that we would probably need to settle this, that was in our best interest and the best interest of the hotel at that point."  Aboushi Affidavit Ex. A.  Therefore, it was in Defendant's sole discretion whether or not to reinstate Bido after she allegedly violated the same principle as the Plaintiff.  Defendant never discussed any difference in standards during its 30(b)(6) deposition.  Id.  Further, this testimony is material and relevant to Plaintiff's age discrimination claim because Mr. Khan was terminated for violating the force sale policy even though that policy was not uniformly enforced.  Indeed, the only other person terminated for allegedly violating this policy was Bido, who happens to be forty-seven years of age.  Relatedly, Mr. Khan was allegedly terminated for taking "orders" from Bido, and thus the facts surrounding that situation will help establish the pretext in which the Plaintiff was unlawfully terminated.  Lastly, Bido was given several layers of discipline, including coaching and verbal

4

reprimands for engaging in force selling before she was terminated.  The Plaintiff, however, was terminated almost immediate after having allegedly engaged in force selling.

Additionally, the comparatives of how the Defendant treated the Plaintiff and Bido will undoubtedly inform the jury in its decision as to whether age was the reasons for the Plaintiff's termination.  Defendant claims, for example, that Bido caused them thousands of dollars in damages, yet she remains employed by Defendant. Plaintiff, on the other hand, did not cause any monetary damages to the Hotel, yet was terminated.  This is also relevant because Defendant's claim that Bido violated the code of conduct of "flagrant disregard for company interest" yet she remained employed.   However, Mr. Khan, who allegedly also violated the same code, was terminated.  Finally, the Defendant claims that the Plaintiff's punishment was derived from Bido's conduct, and therefore the facts involving her conduct and he retention are indispensable to the fact finder.  Thus, Bido's termination and subsequent reinstatement is relevant under Rule 401 because it goes to the issue of whether Defendant's reasons for terminating Plaintiff were pretextual.

Defendant seeks to make the union an issue in this case when it is not. Defendant, in its sole discretion, terminated Ms. Bido. Only **after** she was terminated, did Bido use union procedures to challenge the termination. Defendant could have decided to maintain the termination and not continue with the grievance process.  However, Defendant's deemed it in its best interest to reinstate Bido.  Thus, this testimony is relevant and should not be excluded because it addresses the question of whether the Defendant's reasons for terminating Plaintiff was pretextual.

II.     THE COMMENTS BY PLAINTIFF'S SUPERVISOR REGARDING
        PLAINTIFF'S RETIREMENT ARE MATERIAL FOR THE JURY TO
        DETERMINE WHETHER PLAINTIFF WAS TERMINATED
        BECAUSE OF HIS AGE

Brian Martens was Plaintiff's supervisor during the relevant time period and worked alongside the Plaintiff.  On several occasions, Mr. Martens asked Plaintiff when he was going to retire. During the time, Mr. Martens was employed by the Defendant as Director of Rooms & Guest Services and worked alongside Plaintiff in the front office.  It was Mr. Martens who contributed to the substance of Mr. Khans performance improvement plan ("PIP") and was involved with Mr. Khan's bi-weekly updates about his performance under the PIP.  Aboushi Affidavit Ex. B.  The unsubstantiated PIP was one of the initial acts in a string of acts of discrimination against the Plaintiff.  Mr. Marten also asked Plaintiff several times when he planned to retire.  Defendant incorrectly assume that the termination of Plaintiff's employment was the only event that gives rise to our employment discrimination claim.  In fact, the events that set up Plaintiff for termination began when he first received a negative performance review and then the PIP, which Mr. Martens was directly involved with.  Indeed, these actions occurred when Plaintiff turned 60 years old in 2012.  Most importantly, just because Mr. Martens allegedly did not have a direct say in the termination of Mr. Khans, it doesn't obscure the fact that he played an important role in monitoring Plaintiff's employment position.[2]  For those reasons, Mr. Martens comments to Plaintiff about when Plaintiff plans to retire goes to the heart of the question of whether Defendant terminated Plaintiff because of his age. Indeed, that testimony is both relevant and has probative value.

## CONCLUSION

_____

[2] There is nothing in the record to establish that Mr. Marten **did not** have a role in the unlawful treatment or termination of the Plaintiff. All that lays before the Court is the uninformed and unsworn statements of Defense counsel.  These statements are without personal knowledge and must be disregarded.

Accordingly, Defendant's motion in *limine* to preclude the aforementioned testimony should be denied in its entirety.

Dated: October 21, 2015

Respectfully Submitted,
The Aboushi Law Firm, PLLC
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
By: s/  Diane A. Aboushi
Diane A. Aboushi, Esq.  (DA1029)
s/Aymen A. Aboushi, Esq.
Aymen A Aboushi, Esq. (AA5151)
Attorneys for Plaintiff